Good morning. Good morning. This case presents an interesting issue that this court's dealt with in the past in the Pino Noriega case and that's set forth in the brief. In that case the defendant wanted to testify but when the decision and the request came after the jury had reached a verdict. In this case the case was handed to the jury to begin deliberations. I think that is a distinction that's important in this case. The defendant has been found incompetent. He's being treated at this time. He was provisionally sentenced to life. If he is found competent and comes back he's looking at a 25-year mandatory minimum because of the 10 years double plus five. So obviously it's a serious matter. Was there any question about his competence at the time of the trial? It was never brought up as far as at that time. He didn't apparently become incompetent until after trial and then was was evaluated at that time. When he I was not your honor. I was appointed on the appeal. But the record shows that with the advice of counsel he said I don't want to testify. And and I you know I agree with that but he changed his mind and then the question becomes if we look at the person do we do we use the procedural rule to trump the allows the defendant to listen to the closing argument of the prosecutor and decide oh I don't like that argument I think I'd better testify now and point out what's wrong with the closing argument. Have you found any case where the judge would let him do that? No I haven't but I but I... Do you want this to be the first one? I think it can be because it if you look at the Rock case and what the court in that case talks about and I cited in page 44 of my brief just kind of talks about what the Supreme Court looks at when you're looking at the procedural rules versus the denial of a constitutional right. And I'm looking at what what was what what problem would there have been for the government if the defendant was allowed to testify. It was only a matter of 15 to 30 minutes later and he could have re-argued. I mean my client's still got 25 years he you know he wanted to testify. Was it too late? I'm saying I don't think it should be and and I don't think I think denying him that right is arbitrary and it's just disproportionate to the purpose of the rule the procedural rule. And I understand the procedural rules and everything there but at that point the case hadn't gone to the jury and I don't think there would have been a harm to anyone by letting him testify giving him that opportunity. And and that's that's where I'm looking at and and I've kind of thought this through and then the next question okay let's assume that the judge the judge's ruling was disproportionate to the reason for the rule. Well in this case the defendant didn't ever offer any reason for other than he had changed his mind. He didn't he still I still haven't found anything in the record or in the briefs that that he would have specifically had to say if he were allowed to testify. It's one of the unfortunate parts of being a appellate counsel. You're stuck with the record. But you know it was that same issue came up in the and that was a case where an incompetent person was denied their right to testify at the competency hearing and this court reversed that. And and basically there was no offer of proof in that case. That's a very different you'd have to admit different circumstance when you're doing a competency hearing versus we've gone through a whole trial the prosecutors giving his closing argument and then the defendant goes whoop I changed my mind I now I'd like to weigh in on this topic. And I'm having some trouble figuring out he had a he had his constitutional right all the way through trial during the evidence stage to testify he just chose not to take it. So the question was did the judge have the power to reopen to allow him to testify? Yes I think so. And was that ruling that he made in light of the right to testify which is a fundamental right that's my argument that that fundamental constitutional right should trump this procedural rule in this case because because it's disproportionate to the reason for the rule. So what it really this I don't know how this case would be any different than than any other case which would be basically you would have us establish that until the jury reached its verdict the defendant has a right to testify. I to begin deliberations and you know we there's all kinds of situations for example if one juror gets excused and they restart their deliberations I mean I mean this this is a you know with what my clients looking at the mandatory minimums he was looking at here even if the government you know let's say the defendant testified which would only been if your client had offered a reason other than I changed my mind we might you know there might be some window here it seems to me. Well that's where it comes to is it structural error or is it constitutional error and in Gillenwater the court said we've never really made up our mind on what the ruling will be. But he wasn't denied his right to testify I mean I think if you are actually denied your right to testify that is a structural error. So on that point you have the upper hand but here the question is was he denied his right to testify and I'm just having some trouble understanding I mean he has constitutional right to all kinds of things during the trial and you know constitutional right to have you know witnesses presented to cross-examine witnesses if he chooses for example not to confront a witness I don't think he can jump up during closing and say oh I like to cross-examine Mr. X now because I have a right to confrontation. Well they could ask the judge to reopen and then the judge would make a ruling. But there's no constitutional right that requires the judge to reopen that's the one you're really asking us I think for a constitutional rule that would require or from require the judge permitting to testify. In the circumstance here where there really isn't any good reason not to yes because it's what the judge did here was disproportionate to what the rule was designed to do. The defendant at the I would suggest it should not be too late before the case has been handed over to the jury that he says hey I want to testify yes the government has has argued the case but other than the government's arguing the case there wouldn't have been any difference between him testifying ten minutes earlier or testifying after the argument. Government could ask for a continuance just like they always can if they want to rebut or they need time to rebut it so there's no there's no difference in this case other than the judge just said I this is how we do it therefore we shall do it that way and and defendant sorry okay I get it I understand that that's the judge's position but I think under ROC and the fundamental nature of the right to that procedure rule in this circumstance and I think it's a structural error I think I think in this case and I understand your honors point of view on that but if you get past that wasn't an abuse of discretion because the rule is disproportionate as applied in this circumstance I think it is a structural error and whether there's an offer proof made or not because it's structural error there should be a new trial granted and so I you know tried to argument but I and I think I think that's basically what it comes down to as far as the the other issue on the consulate I'll just rely on my brief for that all right do you want to save your remaining time for me yes I would thank you if it pleases the court my name is Earl Hicks and I'm the assistant United States Attorney who tried the case and I'm also here representing the United States on appeal your honor you asked first of all whether or not there were any issues of incompetency prior to sentencing there were not any issues of incompetency the defendant became depressed after an evaluation he was evaluated first came back that he was competent to be sentenced then he had very significant medical issues based upon depression then the United States agreed with another person who evaluated him that he was presently incompetent to be sentenced your honor and so that's the history of the incompetency your honor your honor the there are two issues and and I want to address first the issue of the inadvertent testimony of counselor notification your honor I just want to say it was inadvertent testimony the government did not expect it I tried to stop it from going any further because it might reveal something the court ruled that he did not believe that the jurors would even understand it in effect that was a ruling by the court it stopped there there is some indication in the record your honor that the first thing I asked the witness after he got off the stand is do you always do that and I believe I asked that because I was unaware at that particular point in time we had agreed that we would not bring anything up about the defendant's nationality we had agreed that we would not bring up anything about the defendant being illegally in the United States we honored that as we could but often there are inadvertent things that quickly as I could and then the result is what happened so there was no opportunity or no reason for me to file under 404 B and as I pointed out there's no evidence of a crime because under the treaty we're supposed to provide that to all foreign nationals whether they're illegally in the country or lawfully in the country and and I'll leave that issue for this particular point in time your honor I most certainly respect the argument of counsel and have listened to the questions asked by the court and I most certainly respect the defendant's right to testify and as the courts pointed out the defendant was asked whether or not he wanted to testify and he said no that he did not want to testify now I know in Pino Noriega and some of the other cases what happened is that the timing of the case is that the matter was already presented to the jury they had deliberated and in the Noriega Pino Noriega case they were about they had indicated they had a verdict and of course there's a discussion of all of the harms that that creates and all of the problems that that counsel let me let me interrupt if I can certainly understand why the court reached the result there that's a pretty easy case I don't think that's subject to debate you know your your case is a little bit different because obviously the case hadn't even been submitted to the jury yet and the district judge here you know without a whole lot of information about just how disruptive allowing the defendant to testify would actually be basically just shut the door on that and I guess what bothers me about this case is that you know there really wasn't much of a record made either in terms of inquiring of the defendant well what exactly do you propose to say because until we know that we won't know just how badly maybe your case would have been prejudiced by the fact that the defendant already got to hear what you had to say in closing argument or what kinds of modifications would have to be made to the jury instructions or what kind of rebuttal witnesses you would then have to we don't know any of that right on the record we have now and it just seems given the stakes that you it seems a little harsh to just say we doesn't matter we don't even have to make any inquiry to any of those things you're just too late you know when I was reviewing this and thinking through this and I have for a long time your honor I sat and said well what's the if the district courts don't have a responsibility to affirmatively inform a defendant of their rights to testify or inquire whether they wish to testify exercise the right to do they have an obligation when a person says I've changed my mind is the obligation on the district court to inquire at that particular point in time I I can't answer that question it would have been nice but an explanation had already been given and that the explanation was that he had heard the closing argument of the defense counsel now the court shut it down basically based upon the information that he had was it the duty and responsibility of the defense counsel as compared to the duty and responsibility of the court to inquire to make a further explanation and because of where we're at was there even a further explanation which was available is that all that the defendant said to his counsel we don't know this because the records not there is that all that he said to his counsel I didn't like the prosecutors closing argument which by the way is not evidence and therefore I want to get up so then you look at it in these terms well what kind of evidence would be introduced and how would it be introduced and the evidence that would potentially be introduced is well you heard mr. Hicks argue the following is that correct or is that true now clearly that would be pretty in my mind would not be relevant evidence now I had a case where the court reopened and what happened is the defense counsel came up and he had specific the open after the government's closing no during my closing so not after it was during my quote closing got interrupted so that the defendant could take the stand yes okay and he did and he did take the what happened well what what happened is the defense counsel came up and indicated that look I started out my closing argument by saying you have to be very careful with and look at all of the evidence because he had introduced his own business card which had his fax number which all of the drug dealers in the case they were faxing their orders to him in Bogota Colombia and was to the fax number for like a Kinko's in Bogota and that well Secret Service was involved in the case and we already knew that that wasn't a phone number for Kinko so we were able to cross-examine him on but in any event the court said well that's pretty important you started off your closing argument that so it was like within five minutes of my starting on my closing argument and but there was a specific reason it wasn't I don't like this closing it was judge look we didn't explain that and we don't and it's important it's very important and it was very important because I ask you let me ask you here yes who has the whose responsibility was it to make that record in this case as to the basis for the change I think that it was defense counsel's obligation not the court's obligation not the court's obligation I and you know I I'm making saying that and I don't have any legal authority for that I'm saying it's the responsibility if it's not the responsibility of the court to inquire as I've pointed out and it's in the case law how does it then become his duty and responsibility to inquire when he's changed and that's all I'm relating it to since the court does have the authority to reopen and you're taking the position that it also has the authority not to reopen correct if you were to write a legal rationale for your position how would it be structured so that there would be some standard by which a court could figure out whether or not it would be abusing its discretion and not reopening what would be the rationale the rationale would be what what is the court presented why is he what is it that he's presented with now for example a court could say well I want to know what what the information is and he might get well I don't want it to want to disclose that to the court at this time or the only reason is I didn't like it like here I didn't like it so I would start off by saying that it's the responsibility of defense counsel because he has the information from the defendant to come before the court and to provide information to the court and then if there's a need for further inquiry then the court has the discretion to further inquire if there's something which is indicated to him that there's a need for further inquiry so when defense counsel and I'm just hope I've answered that question but when defense counsel say the court placed an unnecessary emphasis on the procedure that's all he could do based upon what he was told I have another question at one point the judge made some reference to an interpreter did mr. Orozco have a problem with language mr. Orozco did have an interpreter your honor what when you asked me I would hear him speaking English all the time at the at the at the bench I don't I can't talk to the issue of his and that's not evidence your honor I'm just telling the court I can't talk to whether or not his understanding is discussion with I just wondered what how much this man has now recently developed apparently a depression and some mental problems and at some point there must have been some question about his grasp of the English language and nuances and so forth of the there there was even testimony they even brought in and they brought in an expert who interpreted what the agents had told them in Spanish because they had written it in a report and she claimed that he wouldn't didn't even understand what they said to him in Spanish that was part of a suppression also part of the trial in response to what he had said now again he had been in the United States for a very long period of time your honor I honestly the the court is responsible for that the court has and Defense Council again has to notify the court that a person needs an interpreter or they can waive an interpreter in our districts interpreters are as they should be it's rather common for people to get interpreters a lot of them who speak English but not to the point of understanding the legal issues what do you think the standard of review here is since the defendant couches it in terms of denial of the right to testify I think the abuse of discretion and we've addressed that in our brief I think it's an abuse of discretion and I don't think the court did and I think that you look at factors such as how this would have affected the other party would have prejudice now I think you look at the reason for it why the delay so I mean that's not quite it's abuse of discretion but if denial of the right as a structural error how does that fit in well I'm not I I'm sorry I haven't thought of that but if it's a structural error then I think you you have a de novo review in effect and and then which case the prejudice issue wouldn't weigh in it would be just a question of whether there was a denial or not a denial I think that you're correct on and so excuse me I know you're correct I don't want to say I think you're correct on it I know you're correct on that and but again I'm over my time your honor and I appreciate the opportunity to appear before you but I'm looking and it's counting up all right listen a minute so I better talk fast I I think that what what we're looking at here is is if we're talking prejudice to the government I think we're kind of me I would suggest missing the main point here which is due process and a fair trial especially in these circumstances with how serious this matter is to my to the defendant and so I think it is a structural error and and I don't think it's necessary for the defendant to make an offer of proof to have his right to have his say in court and I think that's I think that's what structural error comes down to obviously if the court says no that's not the test it's it's a Chapman harmless error then his lack of an offer of proof you know that's part of the scenario and I get that but I asked the court to go that next step after a gallon water where the court talks about that issue and and say this is a structural error and ran a new trial just before I forget I did want to you know just an abundance of caution I put in my last paragraph of the brief talking about reserving any other appellate issues if and when he's sentenced I just didn't want to inadvertently waive that so I put that in there that's what that's for all right you thank you thank both of you for your the case of United States versus Contreras Orozco is submitted
judges: GOODWIN, McKEOWN, WATFORD